S. C. COUCH v. STATE.

No. 24922. April 4, 1951.

E. T. Miller, E. O. Northcutt and Hazelwood & Richards, by Grady Hazelwood, Amarillo, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was given a sentence of fifty years in the penitentiary for murder with malice.

The facts of the case are circumstantial but sufficient to sustain the jury's verdict.

The indictment returned by the grand jury contains six counts. Counts 1 and 2 charge murder with malice. Each of the other counts alleges murder without malice and each one further alleges two prior convictions for ordinary felony, as a basis for the imposition of a life sentence under Article 63 of the Penal Code.

Before announcing ready appellant filed his motion to quash this indictment, assuming that the district attorney would read all counts to the jury and that they would be permitted to take the indictment to the jury room with them and thus they would have before them evidence of former convictions for felonies less than capital in a case in which the death penalty may be inflicted. The court overruled this motion and the district attorney read the entire indictment before the jury. After proving his case in chief he also introduced evidence under two of the counts objected to showing the prior convictions alleged. The court declined to let him introduce further evidence on the subject and the trial proceeded, over the vigorous objections raised by the appellant that he was illegally charged before the jury of former offenses less than capital in the prosecution for a capital offense.

It is our conclusion that the state has done indirectly what all courts have consistently held could not be done directly. The state has placed before the jury evidence of the four former convictions in a case where appellant is being tried for his life. This is not authorized by law.

We call attention to the following articles of the statute on the subject. Article 62 of the Penal Code provides that upon a trial for a felony less than capital, if it be shown that defendant has been before convicted of the same offense, or one of similar nature, the punishment for the offense on trial shall be the highest which is affixed to the commission of such offenses in ordinary cases.

Article 63, P.C. reads as follows: "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

Article 64 of the Penal Code pertains to prosecutions for capital offenses and reads as follows: "A person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary."

It will be noted that there is no provision for alleging a prior conviction for an ordinary felony in connection with a charge for a capital offense. These articles, in this and all other jurisdictions, are described as reformative in nature and are by all courts strictly construed. From no viewpoint could we say that it is proper to consider allegations of prior convictions in connection with the allegation of a capital offense. We can only attach to such charge proof of a conviction for a prior capital offense.

While it may appear from the indictment in this case that the prosecution was cautiously guarding against such prohibited allegation by alleging in each of Counts 3, 4, 5, and 6 murder and omitting the allegation of malice, without any intention that it be directly connected with the first and second counts charging murder with malice, yet it followed that such counts were read to the jury and proof offered in two of them while the state proceeded to prosecute for murder with malice. If this is not directly attaching former convictions of offenses less than capital to a prosecution for murder with malice, it certainly

is doing it indirectly with equal force and effect. There is no authority for this procedure.

No complaint can be made of the indictment itself, but if the state continues to prosecute for murder with malice it should not place before the jury prior convictions for offenses less than capital.

Our view in this matter is following the language of the statute, and the statute is not a new one. Each article referred to appears in the Penal Code of 1857 and has been continuously a part of the law of the land, without material modification at any time. It is a fundamental right of every American citizen to be tried for each offense he has committed without any charge or proof that he is a criminal generally. The bad man and the good must face each crime he commits on the merits of that offense alone and the statutes passed by our legislature have been cautiously drawn and have stood the test for a century. If the legislature of our state finds fault with these statutes it may, so far as it has the constitutional authority, modify or strike them down. No court has the power to do so.

If the state desired to rely upon the habitual criminal act for enhancement of punishment the cause should have been submitted to the jury upon a charge in the primary offense of murder without malice, thus making pertinent the two prior convictions. The indictment in this record will support such proceeding.

It is our conclusion that because the state utilized former convictions of felonies less than capital to enhance the punishment in a capital case the judgment of the trial court must be set aside. All other questions raised by the appeal have been considered and are overruled.

The judgment of the trial court is reversed and the cause is remanded.