JAMES MEADOR V. STATE

No. 27,276, January 19, 1955.
State's Motion for Rehearing Denied
(Without Written Opinion) March 9, 1955.

No attorney for appellant of record on appeal.

*Harry Loftis*, Criminal District Attorney, *R. S. Burruss*, Assistant Criminal District Attorney, Tyler, and *Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The primary offense charged in the indictment was robbery by assault. It was also alleged that appellant had been convicted, in 1934 and in 1939, of the offense of robbery by assault. The punishment adjudged was life imprisonment in the penitentiary.

All counts were separately and collectively submitted to the jury — that is, the jury was instructed that a finding might be predicated solely upon the first count in the indictment. The punishment affixed to the crime of robbery by assault was stated. The prior convictions were also submitted to the jury. A form of verdict was provided for use in the event appellant was found guilty of all counts in the indictment.

The jury followed the form prescribed for such finding, and returned the following verdict:

"We, the Jury, find the defendant guilty as charged in all three Paragraphs of the indictment."

The verdict so returned was received by the trial judge and duly filed. Judgment was entered on the verdict providing confinement for life as punishment.

The indictment alleged a prior conviction for robbery on November 16, 1939, in Cause No. 13,276, in the 7th Judicial District Court of Smith County, under the name of James Meadows.

In support of this allegation the state offered the testimony of witnesses who were present at the trial and the records of the court in said cause. The record offered showed that the judgment was dated November 22, 1939.

In connection with his objection to the introduction of this evidence, appellant offered the indictment and the verdict of the jury in said cause. The indictment charged the capital offense of robbery with firearms, and the verdict found the defendant guilty as charged in the indictment.

The record shows that this conviction was appealed to this court and was affirmed. While such is not disclosed in the opinion, the transcript on appeal in Meadows v. State, 140 Texas Cr. Rep. 79, 143 S.W. 2d 389, (our No. 21151) supports appellant's contention and shows that the conviction was for the capital offense of robbery with firearms.

Arts. 62 and 63 P.C. provide for enhancement of punishment only where both the primary offense and the prior convictions are for felonies less than capital.

Art. 64 P.C. alone provides for the use of a prior capital felony to enhance the punishment, and under this article the primary offense must likewise be one to which the penalty of death is affixed as an alternate punishment.

It follows that the conviction in Cause No. 13,276 was not available to the state in the present cause for enhancement purposes.

The state urges that the conviction may be upheld because the punishment assessed was one authorized for the primary offense alone, and also authorized under Art. 62 P.C. because of the 1934 conviction for a like non-capital offense.

We need not pass upon this contention for the reason that the error of the court in admitting in evidence proof that appellant had been convicted of robbery by firearms in 1939 calls for reversal.

Appellant objected to this testimony and called attention to the fact that the conviction was for the capital offense of robbery with firearms. Appellant did not testify, and we perceive no ground upon which the testimony was admissible. That it was prejudicial to the rights of the defendant is apparent.

For the error in admitting proof of such conviction in 1939, the judgment is reversed and the cause is remanded.