## ALFONSO URTADO v. STATE.

No. 30,210. December 10, 1958.
Motion for Rehearing Overruled January 28, 1959.

*Madison Sowder,* Lubbock, for appellant.

*George E. Gilkerson,* District Attorney, *Donald L. Bookout,* Assistant District Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary with intent to commit rape, with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Prosecutrix, aged 16, testified that she was awakened on the night in question by a noise at her door, that someone broke the glass in the door, reached in, unbolted the same, and the appellant entered, demanding that she have intercourse with him. She stated that she refused, but the appellant threatened her with an open knife, forced her against her will to have intercourse with him, and that her hand was cut in the struggle.

Sergeant Hoover of the Lubbock police testified that the prosecutrix and her mother appeared at the police station on the night in question and reported the attack, and that he sent the girl to the hospital because of a bad cut on her hand.

Dr. Arnold testified that he examined the prosecutrix at the hospital on the night in question and found male sperm in her vagina.

The appellant did not testify in his own behalf but called his brother, who testified that he had on occasions bought beer from the prosecutrix and that she once proposed an act of intercourse to him. He also called one Gonzales, who testified that he had been to the prosecutrix' house at night with other young men and that he had seen the appellant's brother there drinking.

We shall discuss the contentions advanced in appellant's brief.

The indictment as returned in the instant case consisted of two counts and was, in part, as follows:

"COUNT I

In the Name and by the Authority of the State of Texas:

THE GRAND JURORS * * *."

and this was followed by the allegation of the crime of rape and the two prior convictions for felonies less than capital relied upon for enhancement.

"COUNT II

AND THE GRAND JURORS AFORESAID * * *."

and this was followed by the allegation of the crime of burglary of a private residence at night with intent to commit the crime of rape and the two prior convictions for felonies less than capital relied upon for enhancement.

Appellant filed a motion to quash Count 1 because it alleged a capital offense with two prior convictions for felonies less than capital for enhancement. The state responded by moving the court to dismiss all of Count 1 after the statutory commencement, which motion was granted, and appellant was convicted under Count 2. Appellant's contention that this constituted an unauthorized amendment of the indictment cannot be sustained. The action of the state and the court's ruling were tantamount to an election by the state prior to the introduction of any evidence, and the indictment omitting the portions stricken was sufficient to charge the appellant with the primary offense of burglary and with having been convicted in the prior cases alleged for enhancement.

A motion for continuance was filed because of the absence of a witness. No motion for new trial appears in the record. Recently, in Massoletti v. State, 165 Texas Cr. Rep. 120, 303 S.W. 2d 412, we said:

"We find no affidavits of the missing witnesses as to what their testimony would have been attached to the motion for new trial, nor do we have any showing under oath as to why the same had not been secured before the motion was filed. One of these is requisite in order to successfully complain on appeal

of the failure of the court to grant a motion for continuance. Morris v. State, 251 S.W. 2d 731, and Gonzales v. State, 278 S.W. 2d 167."

Appellant next complains of the following argument:

"Gentlemen, I'll say to you, Pancho Urtado, *Pancho Urtado,* his scheme is up because he is through tonight, you're going to the penitentiary and stay there, not for the rest of his natural life but just for a life sentence, mind you. I wish we could send him there for the rest of his natural life but I'm asking you tonight to find it so that he can * * *."

Appellant's objection was "that such argument was instructing the jury." While we do not consider this objection sufficient to put the trial court on notice as to the grounds of appellant's objection, we do observe that the jury was not required under the charge to assess the punishment, and therefore a plea for a more severe punishment would not be as injurious as in a normal case.

We further call attention to Section 15 of Article 781d, V.A.C.C.P., and the recent holdings of this Court in Napier v. State, 166 Texas Cr. Rep. 361, 314 S.W. 2d 102; Johnson v. State, 165 Texas Cr. Rep. 237, 305 S.W. 2d 606; and Roberson v. State, 160 Texas Cr. Rep. 381, 271 S.W. 2d 663.

Finding no reversible error, the judgment of the trial court is affirmed.