Martin Aubrey JOHNSON and Billy James White, Appellants,

v.

The STATE of Texas, Appellee.

No. 41590.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Chas. F. Potter, Tyler, for appellants.

Hunter B. Brush, Dist. Atty., William H. Power, Asst. Dist. Atty., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, life.

Appellants were jointly indicted with one Joseph Bernell Sawyer III for the offense of robbery with firearms, a capital felony.

The second paragraph of the indictment returned November 9, 1967, alleged that Billy James White had been previously convicted of felony theft, a felony less than capital, and one of like character as that alleged against him in the first paragraph of the indictment.

The third paragraph alleged that prior to the commission of each of said offenses

White was convicted of burglary to commit theft, a felony less than capital, and one of like character as that alleged against him in the first paragraph of the indictment.

The fourth paragraph alleged a prior conviction of Martin Aubrey Johnson for nighttime burglary of a private residence with intent to commit theft, a felony less than capital and one of like character as alleged against him in the first paragraph.

The co-indictee Sawyer, who had no prior conviction, pleaded guilty at a separate trial and was assessed a term of ten years in the Texas Department of Corrections.

The case against appellants came on for trial on November 17, 1967, without the state having given notice that it would seek the death penalty.

The first ground of error complains that the trial court erred in permitting the state to amend the indictment by deleting the phrase "and by then and there using and exhibiting a firearm, to-wit, a shotgun," under all the circumstances of the case.

■ The general rule is that state's counsel may, with the consent of the court, when the case is called for trial or during the trial, dismiss or abandon that portion of the indictment which charges the use or exhibition of a firearm or deadly weapon. 5 Branch's Ann.P.C.2d 16, Sec. 2570, and cases cited.

■ The circumstances relied on by appellants are that the court overruled their motion to delete the paragraphs of the indictment alleging prior convictions for felonies less than capital, which were not available to enhance the punishment for the offense alleged in paragraph one of the indictment because robbery with firearms is a capital felony. Arts. 62 and 63 Vernon's Ann.P.C.; Urtado v. State, 167 Tex.Cr.R. 318, 319 S.W.2d 711; Couch v. State, 155 Tex.Cr.R. 585, 238 S.W.2d 198; Mead-

or v. State, 161 Tex.Cr.R. 183, 275 S.W.2d 657.

The state's motion granted by the court makes it clear that the purpose of the motion was that the court "allow the State to elect to stand upon all the remaining portions of the indictment, which in the first paragraph thereof would then contain allegations of robbery by assault, and by violence and by putting in fear, and which in its remaining paragraphs would then remain unchanged and would contain allegations of certain prior convictions of certain of the above named defendants."

As a result of the granting of the state's motion and the overruling of the motion of the appellants, the prior conviction of appellant Martin Aubrey Johnson, which could not be used to enhance punishment in the capital felony alleged in the indictment, was used to enhance his punishment for the non-capital felony offense of robbery by assault to life imprisonment (Art. 62 P.C.), a punishment not applicable to the capital offense alleged in the indictment. (Art. 1408 P.C.)

As to appellant White, his prior convictions, which were not available to enhance punishment in the capital felony case, were used to enhance his punishment for the non-capital offense of robbery to life imprisonment. (Art. 63 or Art. 62 P.C.)

Also, as a result of the court's rulings the appellants were deprived of the benefit of the indeterminate sentence law.

Also, the death penalty having been waived, the applicable punishment was changed by the deletion from "confinement in the penitentiary for any term not less than five years," (Robbery with firearms) to "confinement in the penitentiary for life or for a term of not less than five years." (Robbery by assault) See Art. 1408 V.A.P.C.

■ Appellants had good reason to complain that they were prejudiced by the deletion from the indictment of the allega-

tion as to the use of firearms, leaving the allegations as to prior convictions unchanged.

Another ground for reversal is the overruling of appellants' motion to submit the case to the jury for assessment of the punishment and the holding of the trial court that such request came too late, the contention being that such rulings deprived the appellants of a valuable substantive right contrary to the Texas Constitution and the Rules of Civil Procedure.

It is undisputed that the appellants did not elect in writing at the time they entered their pleas in open court to have their punishment assessed by the jury as required by Art. 37.07, Sec. 2(b) Vernon's Ann. C.C.P.

■ The constitutional right of trial by jury does not encompass the right to have the jury assess the punishment. 31 Am. Jur. 40; 50 C.J.S. Juries § 78, p. 784; Williams v. Jones, Ky., 338 S.W.2d 693, cert. denied 365 U.S. 847, 81 S.Ct. 808, 5 L.Ed.2d 811; Jones v. State, Tex.Cr.App., 416 S.W.2d 412. The refusal of the motion was not error.

■ By supplemental brief filed in this court, the appellants for the first time complain of an illegal search. In said brief they contend that the trial court erred in permitting the state to introduce into evidence a shotgun and a $3.00 check, since the same were seized as the result of an illegal search. These contentions will be considered as unassigned error. (Art. 40.09 (13) V.A.C.C.P.)

The evidence reveals that a young man carrying a shotgun entered a rural store about 6:30 P.M., September 10, 1967, and by the use of the gun took more than fifty dollars in money and a $3.00 check from the man and woman operating the store, and ran a short distance to where two young white men of medium build, casually dressed, were standing beside a blue late model automobile, and the three hurriedly entered the car and sped away. The store owner immediately telephoned the Mineola dispatcher six miles away and then the Sheriff in Tyler, thirty miles distant, and next the Sheriff in Canton, and gave them the information and description he had of the men and the automobile. Officers were dispatched to the area where the robbery was reported to have occurred, and were advised enroute by radio as to the description of the men and automobile connected with the robbery.

Deputy Sheriff Isham, while travelling alone along a highway, heard the sheriff's radio dispatch at 6:40 P.M., that three white males had robbed a man and fled in what looked like a blue Mustang. He testified that about 7:06 P.M. he saw three men in a blue Falcon travelling along the highway and stopped it to investigate; that when he asked for the keys to the trunk of the car, Sawyer, one of the three men, got the keys and opened the trunk and inside Isham first saw a shotgun; and that the store where the robbery occurred was about twenty-five miles from the place on the highway where Isham stopped the three men in the blue Falcon.

Following the arrest of the three suspects by Isham, they travelled a short distrance until they met two other deputy sheriffs, where the officers searched the suspects. The six men then went to the scene of the reported robbery, where the suspects and the car were identified by the robbery victims and a search of the Falcon was made. From there the three men and the Falcon were taken to the county jail. About fifteen minutes after the Falcon was brought to the jail it was searched by Isham and an agent of the Texas Liquor Control Board, and a $3.00 check taken in the robbery was found secreted in the Falcon.

■ The facts and circumstances in evidence were sufficient to constitute probable cause and authorize the officers to arrest the appellants and to search the Falcon without a warrant at the time the check was found. Taylor v. State, Tex.Cr. App., 421 S.W.2d 403.

The prior convictions alleged in the indictment were admitted at the hearing on the issue of punishment only. Art. 37.07, Sec. 2(b) V.A.C.C.P.

■ The trial court's error in allowing such prior convictions to be used to enhance the punishment to life imprisonment relates only to the issue of punishment.

The life sentences are set aside and the case is remanded to the trial court for a new trial or hearing on the issue of the proper punishment to be assesssed by the court (at a term of years); the pronouncement and entry of an indeterminate sentence against each of the appellants and further proceedings after sentence authorized by Art. 40.09 V.A.C.C.P. Cf. Ellison v. State, 432 S.W.2d 955, 957.

It is so ordered.