Cleveland **BAKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41604.

Court of Criminal Appeals of Texas.

Feb. 26, 1969.

Dalton C. Gandy, Fort Worth, (Court Appointed on Appeal only), for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock, Ben Tompkins and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

## ON APPELLANT'S SECOND MOTION FOR RE-HEARING

WOODLEY, Presiding Judge.

Our prior opinions and orders affirming this conviction for robbery, with punishment enhanced by a prior conviction for burglary with intent to commit theft (Art. 62 P.C.), are withdrawn.

Relying on our opinion in Johnson and White v. State, Tex.Cr.App., 436 S.W.2d 906, handed down the same day as our opinion on appellant's first motion for rehearing, appellant complains that the state was permitted to use a prior conviction in a non-capital felony alleged to enhance punishment in an indictment for armed robbery, a capital offense.

■ As far as the first count of the indictment herein is concerned, the rule applied as to the defendant Johnson, in Johnson and White v. State, supra, is applicable, our holding being that a prior conviction for a felony less than capital alleged in an indictment for a capital felony, such as armed robbery, (1) cannot be used to enhance the punishment for the primary offense (Couch v. State, 155 Tex.Cr.R. 585, 238 S.W.2d 198; Meador v. State, 161 Tex. Cr.R. 183, 275 S.W.2d 657; Urtado v. State, 167 Tex.Cr.R. 318, 319 S.W.2d 711), and (2) cannot be used to enhance the punishment applicable to any included non-capital felony for which the defendant may be convicted under the indictment alleging a capital offense.[1]

■ The effect of our holding in Johnson and White v. State, supra, is that, though the prior convictions are admissible at the hearing on the punishment to be assessed, the punishment for the lesser included offense of which the defendant is convicted is not by reason of such prior convictions "absolutely fixed by law to some particular penalty" (Art. 37.07 V.A. C.C.P.), but must be assessed by the court or jury.

■ Our holding in Johnson and White ·v. State, supra, has no application where in a separate count of the indictment a non-capital felony is charged and one or more prior non-capital felonies are alleged to enhance the punishment pursuant to Art. 62 or 63 P.C. Neither does the holding in Johnson and White v. State, supra, alter the rule that as to the primary offense the state may be permitted to abandon allegations of the indictment for a capital offense and thereby reduce the offense to a non-capital felony.

■ Another rule applicable in recidivist cases is that the accused is entitled to proper notice in the indictment of any prior conviction which the state seeks to use in connection with a primary count. Parasco v. State, 165 Tex.Cr.R. 537, 309 S.W.2d 465.

While the rule in Johnson and White v. State, supra, is applicable to the first count of the indictment herein, the record reflects that said count was "dropped" and was not read to the jury.

The indictment contained a second count which alleged the non-capital felony offense of robbery by assault, with no prior convictions alleged for enhancement purposes. On arraignment appellant pled "not guilty," but after the jury was empaneled and the indictment read, he pleaded guilty to the second count of the indictment.

Prior to the selection of the jury appellant requested in writing that the punish-

[1]. To hold otherwise would permit allegations in an indictment for robbery with firearms to include allegations of prior convictions for rape, robbery with firearms, murder with malice or other capital offenses, to enhance the punishment under Art. 64 P.C. and also allegations of prior convictions for non-capital felonies to be used to enhance the punishment under Art. 62 or 63 P.C., in the event of a conviction under the indictment for a lesser included felony less than capital such as robbery, or assault with intent to rob.

ment, if any, be assessed by the jury. After he changed his plea to "guilty" and the evidence was closed, he was permitted to withdraw this request and have the court assess the punishment.

In the court's charge the jury was instructed to find appellant "guilty of the offense of robbery as charged in the second count of the indictment," and did so.

Thereafter, the court entered judgment finding that appellant had been previously convicted of an offense less than capital "as charged in the *third* count of the indictment," and assessing his punishment at life.

The indictment included in the record on appeal and in a supplemental transcript contains no third count. The only prior conviction alleged in the indictment is found in the second paragraph of the first count. It alleges that such prior conviction was a conviction for an offense committed "prior to the commission of the offense hereinbefore charged against him as set forth in the first paragraph hereof."

█ The trial court erred in using the prior conviction alleged to enhance the punishment for the offense of armed robbery, a capital felony in the first count, to enhance the punishment for the felony less than capital charged in the second count.

The error relates to punishment only.

The judgment of conviction is reversed and the cause remanded to the trial court for the assessment of a proper punishment for the offense of which appellant was found guilty. Johnson and White v. State, supra.

It is so ordered.

DOUGLAS, J., not participating.

ONION, Judge (concurring).

I fully concur in the results reached by the majority. I would, however, make the following observation: Johnson and White, supra, involved a bifurcated trial upon a plea of not guilty before a jury under the provisions of Art. 37.07, § 2(a) and (b), V.A.C.C.P., with the judge assessing punishment. In the case at bar the appellant when arraigned pled not guilty and requested a jury trial invoking the provisions of Art. 37.07, supra. Upon the indictment being read to the empaneled jury, the appellant, however, entered a plea of guilty and the trial proceeded under the provisions of Art. 26.14, V.A.C.C.P. At the close of the State's case, appellant then requested the court to assess punishment and the court in honoring such request with the State's approval in effect afforded the appellant a bifurcated trial.

It should be further noted that the same results as reached by the majority would have also been reached under the circumstances described even if the two counts of the indictment had both properly charged non-capital felony offenses under the provisions of Art. 21.24, V.A.C.C.P., the second paragraph (as to the prior conviction) being tied by its allegation to the first count of the indictment alone. See Parasco v. State, 165 Tex.Cr.R. 547, 309 S.W.2d 465.

In view of the confusion as to the "third count" in the instant case, it should be pointed out that allegations as to prior convictions do not constitute "counts" in the indictment. Square v. State, 145 Tex.Cr. R. 219, 167 S.W.2d 192; Beck v. State, Tex. Cr.App., 420 S.W.2d 725; Steward v. State, Tex.Cr.App., 422 S.W.2d 733. It seems to be common practice to refer to such allegations as "counts" though they are not. Even the United States Supreme Court has erroneously referred to such allegations "counts." See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

During the trial of this case some question arose as to a proper plea to be entered to an allegation in an indictment charging a prior conviction. It should be noted

that in Davis v. State, Tex.Cr.App., 429 S.W.2d 895, this Court said:

"Whether the plea entered by or for the defendant to the allegations as to prior convictions was 'not guilty' or 'untrue' is not material, though a plea that the allegations are 'true' or 'untrue' would seem to be more appropriate in view of Sec. 1 of Art. 37.07, supra, which relates to the findings of a jury on special pleas."

For the reasons stated, I would concur in the result reached by the majority.

DOUGLAS, J., not participating.