**Kenneth Dwayne WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42181.

Court of Criminal Appeals of Texas.

July 16, 1969.

Rehearing Denied Oct. 15, 1969.

Martin & Richie, by Gene Richie, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for statutory rape; the punishment, twenty-five years.

The record reflects that appellant, twenty-eight years of age, went to the home of prosecutrix, fifteen years of age, at approximately nine o'clock in the evening on the pretext of taking her to get a dog. The mother of prosecutrix gave her permission to go with appellant provided she returned within fifteen minutes. Instead of going for the dog, appellant drove to a country road near Electra and stopped. Prosecutrix tried to escape, but appellant caught her by the hair, twisted her arm and forcibly penetrated her private parts with his penis on four separate occasions. In addition he committed several unnatural

sex acts upon her, and forced her to commit sodomy upon him. After keeping prosecutrix out for some two and a half to three hours, appellant took her home. She told her mother what had happened.

Dr. D. E. Fletcher testified that he examined the prosecutrix, found spermatozoa in the vagina, and was of the opinion that she had recently had sexual intercourse.

In the first ground of error complaint is made because the assistant district attorney asked the mother of the prosecutrix whether or not appellant was married.

The question was not answered and was withdrawn. The court instructed the jury not to consider the question.

Appellant relies upon Thompson v. State, 168 Tex.Cr.R. 320, 327 S.W.2d 745. It held the proof that the accused in a rape case was married was prejudicial error. There several witnesses referred to Mrs. Otis Thompson. An officer was permitted to testify that he had gone to the home of the accused and talked to a Mrs. Otis Thompson. The court held that this amounted to proof that Thompson was married, and the case was reversed.

The question propounded in the present case should not have been asked. However, there was no answer or anything in the record to prove or indicate that appellant was married.

■ An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. Wheeler v. State, Tex.Cr.App., 413 S.W.2d 705, 707; 5 Tex. Jur.2d, Sec 437; McCormick and Ray, Texas Law of Evidence, Vol. 1, Sec. 29.

■ No harm or injury is shown. The first ground of error is overruled.

In the second ground of error complaint is made that the prosecuting attorney attempted to offer into evidence a certain letter written by the prosecutrix during the argument of appellant's attorney.

Mr. Richie, one of appellant's attorneys, argued to the jury that the girl's mother testified that she did not get the details from prosecutrix for a day or two and that the mother said that prosecutrix wrote a letter, and further:

" * * * I don't know what letter she was talking about, or who has got the letter, whether the State has it, or who has got it, or what it says, or who it was to, but she did write a letter to somebody about it. I haven't got it.

"MR. PHAGAN (Assistant District Attorney): Your Honor, we will be glad to show it, if the defendant would like to see it. We have it and will be glad to produce it in evidence.

"MR. RICHIE (Appellant's counsel): We would have sure like to have seen it, your Honor, during the trial of the case.

"MR. PHAGAN: If the defendant ever asked for it, Your Honor, we will be glad to produce it.

"MR. SPENCE (Appellant's counsel): It is a little bit late, your Honor, for him to be trying to make out his case, and we object to counsel making such a proffer."

Reagan v. State, Tex.Cr.App., 423 S.W. 2d 335, cited by the State is in point. This Court held that it was not reversible error for the State to offer into evidence a statement of prosecutrix when defense counsel requested to see the statement.

■ In the present case there is no showing or contention that the jury read or heard what was in the letter. No reversible error is shown; the second ground of error is overruled.

In the third ground of error complaint is made that the trial court would not permit appellant to testify at the penalty stage of the trial about his relationship with prosecutrix on and before the night of the rape to prove his character.

Appellant contends that his constitutional rights were violated because the court denied him the right to be heard, and that Article 38.08, Vernon's Ann.C.C.P., which permits a defendant in a criminal action to testify in his own behalf, was not followed. He cites Article 37.07, Sec. 3, V.A.C.C.P., which provides at the penalty stage of the trial that evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character.

Appellant was found guilty by the jury. At the penalty hearing before the judge, the State proved that appellant had two prior felony and four misdemeanor convictions. Appellant then took the stand and testified that he only had one act of sexual intercourse with the prosecutrix, and it was not committed in the manner she had described it. After he testified that he did not force her in any way, an objection by the State was sustained. The court assessed the punishment, and then permitted appellant to develop what his testimony would have been. This testimony, in substance, was that he had seen prosecutrix and her mother at bars in "Punkin Center" (Haynesville); that prosecutrix asked him to take her out; that she consented and he did not force himself upon her, and that he never had an unnatural act of sexual intercourse with her.

The contention of appellant that his proffered testimony was admissible to show character under Article 37.07, Sec. 3, V.A.C.C.P., is overruled. The jury had found appellant guilty. Appellant did not offer this testimony at the guilt stage of the trial when he could have given his version of the facts. It has not been shown how this testimony would tend to prove appellant's character. If such testimony were allowed to show character, it would follow that the next question concerning character would be an effort to review one or more, if not all, of the prior convictions.

There was no denial of any constitutional or statutory right for appellant to be heard. The third ground of error is overruled.

There being no reversible error, the judgment is affirmed.

ONION, Judge (concurring).

I concur in the result reached. I would caution, however, against any interpretation of this opinion that would limit or restrict an accused's right to offer evidence legally and properly admissible to mitigate punishment or evidence that is relevant to an application for probation, if any. The hearing on punishment is not limited to evidence of the accused's prior criminal record, character or reputation. Allaben v. State, Tex.Cr.App., 418 S.W.2d 517.

If there was any error committed it was only at the penalty stage of the proceedings conducted before the trial judge and such error would not entitle appellant to a new trial but only a remand for re-assessment of punishment by the trial judge. Johnson and White v. State, Tex.Cr.App., 436 S.W.2d 906; Baker v. State, Tex.Cr.App., 437 S.W.2d 825.

While the informal bill of exception was perfected after the court had assessed punishment the court, having heard testimony in connection with such bill, did not see fit to alter the punishment while it still had authority to do so. For this court now to remand, order the trial court to consider such evidence and then in its discretion assess punishment would be absurd, even if there was error.

MORRISON, J., joins in this concurrence.