**Billy James WHITE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43077.**

Court of Criminal Appeals of Texas.

June 10, 1970.

Kenneth R. Barron, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., and William H. Power, Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is robbery; the punishment, 25 years.

The appellant was originally convicted of robbery enhanced under Article 62, Vernon's Ann.P.C., and his punishment was assessed at life. However, on appeal this Court set aside the life sentence and remanded the case to the trial court for a hearing on the issue of the proper punishment to be assessed by the court. See Johnson and White v. State, Tex.Cr.App., 436 S.W.2d 906.

Upon such hearing the trial court assessed the punishment at 25 years and appellant was given credit for jail time from September 10, 1967.

■■ First, the appellant complains that the punishment is excessive. Article 1408, V.A.P.C., provides that the punishment for robbery shall be "by confinement in the

penitentiary for life, or for a term of not less than five years." The punishment in this case is within the range provided by the statute and does not constitute "cruel and unusual punishment." The appellant's ground of error is overruled.

 Next, the appellant contends that he "was denied due process of law in that the trial court did not properly explain the significance of his having waived any waiting period before resentencing." The record reflects that the appellant in person and by counsel waived the ten day period in which to file his motion for new trial and accepted sentence. The record does not indicate that the appellant filed or attempted to file a motion for new trial after he was sentenced or that the appellant was harmed in any way by waiving the 10 days. The appellant's ground of error is overruled.

Finally, the appellant contends that the trial court failed to comply in all matters with the order of this Court, but he does not specify as to how the trial court failed to comply. The resentencing of the appellant was in compliance with the opinion of this Court in Johnson and White v. State, supra.

The judgment is affirmed.