John BRADLEY, #187411, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72-3371

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1973.

Rehearing and Rehearing En Banc Denied March 28, 1973.

John Bradley, pro se.

Crawford Martin, Atty. Gen., E. Bruce Curry, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The recidivist petitioner in this habeas corpus appeal asserts that he was deprived of effective assistance of counsel and that prior convictions were unconstitutionally used to enhance his sentence in his latest robbery trial. We affirm.

Petitioner was charged by indictment with the capital felony offense of robbery by assault with firearms,[1] with two prior less-than-capital offenses alleged for purposes of enhancement. Under Texas enhancement statutes such prior less-than-capital felony offenses cannot be so used if the pending charge is a capital offense but can only enhance a conviction for a third less-than-capital felony.[2] Without seeking a new indictment the State moved the court for leave to waive the "capital" features of the pending indictment, which was granted. Petitioner was convicted of the lesser included offense of robbery by assault and his sentence was enhanced to life imprisonment.

On an out-of-time direct appeal the Court of Criminal Appeals of Texas reconsidered its prior contrary holdings in Johnson v. State, 436 S.W.2d 906 (Tex. Cr.App.1968) and Baker v. State, 437 S.W.2d 825 (Tex.Cr.App.1969) and concluded that, while the processes followed in Bradley's case were not recommended, it was not erroneous and the conviction was not procedurally infirm. Bradley v. State, 456 S.W.2d 923 (Tex.Cr.App. 1970). See also Mason v. State, 472 S.W.2d 787 (Tex.Cr.App.1971). This change in legal interpretation of its own statutes affecting Texas practice does not give rise to any Fifth, Sixth or Fourteenth Amendment constitutional claim,

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409. Part I (5th Cir. 1970).

1. Tex.Penal Code art. 1408 (1953)

2. Tex.Penal Code arts. 63 & 64 (1952)

**1040**

either as regards the failure to reindict on the lesser included offense or in the trial court's reduction of the pending charge to make petitioner's prior felony convictions available for enhancement. *See* Bueno v. Beto, 458 F.2d 457 (5th Cir. 1972); Murphy v. Beto, 416 F.2d 98 (5th Cir. 1969).

We agree with the court below that the trial court record refutes the claim of ineffective assistance of counsel. McKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960), cert. denied 368 U.S. 877, 82 S. Ct. 121, 7 L.Ed.2d 78 (1961).

Affirmed.