**Ex parte Rush O. NICHOLS.**

No. 60380.

Court of Criminal Appeals of Texas, Panel No. 1.

April 4, 1979.

Rehearing En Banc Denied July 3, 1979.

State's Motion for Rehearing Denied Sept. 24, 1980.

Albert S. Low, Jr., Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is a post–conviction habeas corpus proceeding instituted under the provisions of Article 11.07, V.A.C.C.P.

In 1973 petitioner was convicted by a jury for the primary offense of robbery by assault. At the punishment phase of the trial, the jury found that, prior to the commission of the primary offense, petitioner had been convicted of the offense of robbery with firearms in Cause No. 21,450 in the District Court of Tulsa County, Oklahoma, on November 12, 1965. Petitioner appealed his conviction to this court. The judgment of the trial court was affirmed. *Nichols v. State*, 511 S.W.2d 269 (Tex.Cr.App.1974).

Petitioner's sole contention in this proceeding, not raised on appeal, is that the alleged prior conviction, used for enhancement of punishment, was for robbery with firearms in Oklahoma and that offense was a capital felony and could not legally be used to enhance his punishment for the

primary offense of robbery by assault, a non–capital felony under the terms of Article 62, V.A.P.C., 1925, in effect at the time of his trial.

■■■ Article 1408, V.A.P.C., 1925, in effect at the time of petitioner's trial, did provide that the punishment for robbery "when a firearm or other deadly weapon is used or exhibited in the commission of the offense" was to be "death or by confinement in the penitentiary for any term not less than five years." Thus, it is clear that robbery by firearms was a capital offense in this state in 1973. In absence of a showing to the contrary, this court assumes the law in another state to be the same as in Texas. *Jackson v. State*, 494 S.W.2d 550 (Tex.Cr. App.1973). See also *Almand v. State*, 536 S.W.2d 377 (Tex.Cr.App.1976); *McKinney v. State*, 505 S.W.2d 536 (Tex.Cr.App.1974). And more particularly, it was assumed in *Ford v. State*, 488 S.W.2d 793 (Tex.Cr.App. 1972), that the laws of Oklahoma were the same as the laws of Texas absent a showing to the contrary. Moreover, an examination of Oklahoma statutes, 21 Okl.St.Ann., § 801, reveals that prior to March 30, 1973 the offense of robbery by firearms in Oklahoma was punishable by maximum penalty of death.[1] Consequently, at the time of petitioner's prior conviction in Oklahoma in 1965 and on the date of the alleged primary offense robbery by firearms was a capital felony in Oklahoma.

Article 62, supra, provides:

"If it be shown on the trial of a felony less than capital that the defendant has before been convicted of the same offense, or one of the same nature, the punishment on such second or subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

■ It was well settled under our former Penal Code that prior convictions used for enhancement of punishment under Articles 62 and 63, V.A.P.C., had to be non–capital felonies. See *Couch v. State*, 155 Tex.Cr.R.

---

1. Effective March 30, 1973, the said statute was amended to provide for the maximum possible

punishment of life imprisonment for said offense.

585, 238 S.W.2d 198 (1951); *Meador v. State*, 161 Tex.Cr.R. 183, 275 S.W.2d 657 (1955); *Urtado v. State*, 167 Tex.Cr.R. 318, 319 S.W.2d 711 (1958); *Johnson v. State*, 436 S.W.2d 906 (Tex.Cr.App.1968); *Baker v. State*, 437 S.W.2d 825 (Tex.Cr.App.1969);[2] *Wheat v. State*, 442 S.W.2d 363, 366 (Tex. Cr.App.1969).

In *Meador v. State*, supra, it was held that a prior conviction for the capital offense of robbery with firearms was not available to enhance the punishment in prosecution for robbery by assault.

We conclude that the petitioner is entitled to the relief prayed for. The conviction is set aside and he is remanded to the custody of the Sheriff of Taylor County to answer to the primary count in the indictment under which he was convicted.

---

**2.** *Johnson* and *Baker* were overruled by *Bradley v. State*, 456 S.W.2d 923 (Tex.Cr.App.1970), to the extent of any conflict, but not on the proposition of law here involved.