**Casey William PUCKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–656–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1982.

John Barron, Jr., Bryan, for appellant.

Carolyn L. Ruffino, Bryan, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

MURPHY, Justice.

Casey William Puckett (appellant) appeals his conviction by a jury for possession of tetrahydrocannibinol (THC). Appellant, having been convicted of two prior felonies, was sentenced to serve a mandatory life sentence. In contention are the trial court's refusal to charge the jury on the law of circumstantial evidence, whether there was sufficient evidence to support appellant's conviction, and if the trial court properly admitted a copy of the penal laws of the state of Wisconsin. We affirm.

Texas Department of Public Safety Investigator, James Cook (Cook) and other officers arrived at 807 Oran Circle, Bryan, Texas at 11:00 P.M., October 13, 1980, armed with a search warrant the validity of which appellant does not challenge. The record shows appellant rented apartment 807–A. Within ten feet from the door of appellant's apartment, Cook smelled the distinctively pungent odor of either marijuana or THC being smoked. The officers entered the premises and found four individuals and appellant standing in a circle in the bedroom. One of the persons held a pipe, appellant had a syringe in his pocket and smoke haze filled the room. Police also discovered several packets containing THC, later scientifically analyzed, in a wooden box in the living room. Police arrested the other individuals and appellant who asserts three points of error on appeal.

 In his first and second grounds of error, appellant asserts the trial court erred in failing to charge the jury on the law of circumstantial evidence and that insufficient evidence supports his conviction. Appellant contends the dearth of any direct evidence of possession in appellant requires such a charge. The state must prove appellant exercised care, custody and control over the drug and knowledge that the substance was contraband in order to sustain a conviction for possession, actual or constructive. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Cr.App.1980); *Herrera v. State*, 561 S.W.2d 175, 177–178 (Tex.Cr.App.1978).

Evidence must affirmatively link the accused to the contraband. *Id.; Norman v. State*, 588 S.W.2d 340, 342 (Tex.Cr.App. 1979), *cert. denied*, 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980). A reasonable inference may arise that the accused knew of the presence of contraband by a showing of additional facts and circumstances. *Id.* The record before us shows appellant was the sole lessee of the premises found to house contraband and filled with the odor of burning contraband. In addition, the record indicates appellant was located near enough to the source of the odor, i.e., the pipe, to create a reasonable inference of participation. We find this sufficient direct evidence to link appellant to the contraband. A charge on circumstantial evidence is not required in a case, such as that before us, where there is direct evidence of the main facts essential for conviction. *See, Faulk v. State*, 608 S.W.2d 625, 628 (Tex.Cr.App.1980); *Romo v. State*, 593 S.W.2d 690, 692 (Tex.Cr.App.1980); *Arney v. State*, 580 S.W.2d 836 (Tex.Cr.App.1979). A charge on circumstantial evidence is required only where the State relies entirely upon circumstantial evidence. *Id.; Luck v. State*, 588 S.W.2d 371, 376 (Tex.Cr.App. 1979), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799 (1980). We accordingly overrule appellant's first and second grounds of error.

Appellant's final ground of error asserts the trial court erred in admitting a copy of Wisconsin's penal laws over objection. Appellant contends that such evidence was incompetent as hearsay evidence. The State submitted the evidence to establish that possession of marijuana with intent to deliver, for enhancement purposes, was a felony in Wisconsin. Under Tex.Rev. Civ.Stat.Ann. art. 3731a (Vernon Supp. 1982), any law from any state is admissible so long as the adverse party is given notice prior to trial. This act is applicable to criminal as well as civil causes. There is no evidence in the record to suggest lack of proper notice to appellant. Moreover, in the absence of contrary evidence, a Texas court assumes the law in another state is the same as in Texas. *Hall v. State*, 619

S.W.2d 156, 158 (Tex.Cr.App.1980); *Ex Parte Nichols*, 604 S.W.2d 81, 82 (Tex.Cr. App.1979); *Almand v. State*, 536 S.W.2d 377, 379 (Tex.Cr.App.1976). Furthermore, if appellant is attempting to challenge the enhancement paragraphs as to the existence of prior felony convictions, he has failed to preserve error for review in the absence of a motion to quash. *Cole v. State*, 611 S.W.2d 79, 80 (Tex.Cr.App.1981). We overrule appellant's third ground of error and affirm the judgment of the trial court.

Affirmed.