**Opinion issued March 5, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————————

## NO. 01-11-00366-CR

—————————————————

### AMANDA DONALDSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1281808**

---

### MEMORANDUM OPINION

A jury convicted Amanda Donaldson of the offense of possession of a controlled substance weighing less than one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). The trial court assessed

punishment at two years' confinement, but suspended the sentence and placed Donaldson on community supervision for a period of four years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1) (West Supp. 2012). In four issues, Donaldson contends that (1) the trial court erroneously refused her election to have punishment assessed by the jury, (2) the trial court erroneously denied her motion to dismiss on the ground that the State destroyed potentially exculpatory evidence, (3) the State failed to disclose *Brady* material, and (4) the State suborned perjury in violation of due process guarantees. We affirm the trial court's judgment.

## Background

A grand jury indicted Donaldson for the offense of possession of a controlled substance, namely, methamphetamine, weighing less than one gram. The indictment did not contain any enhancement paragraphs. Donaldson pled not guilty, and, on March 17, 2011, the trial court set the case for a pretrial conference on March 24. Although Donaldson filed a number of pretrial motions for the trial court's consideration, she did not file an election to have the jury assess punishment before the pretrial conference. Instead, Donaldson filed her punishment election before the commencement of voir dire on the day of trial.

At trial, the State presented the testimony of the arresting officers. The arresting officers explained that the charges against Donaldson arose from a traffic stop. The vehicle stopped by the arresting officers was driven by Johnny McMurry.

2

Donaldson was in the front passenger seat, and another man, Demetric James, was in the backseat. After the officers detected the odor of marijuana coming from the vehicle, they ordered McMurry and Donaldson out of the vehicle. The officers searched the vehicle and found a small baggie of methamphetamine on the driver's side floorboard, which McMurry later pleaded guilty to possessing.[1] On the front passenger side floorboard, the officers found and searched a large purse belonging to Donaldson. The purse contained an eyeglass case, which in turn contained a baggie of methamphetamine. One of the officers testified that he "tagged and bagged" the methamphetamine. Although the eyeglass case was listed on the offense report as being among the "recovered property," the officer testified that that notation was error. The eyeglass case was not actually taken into custody as evidence; instead, the eyeglass case was placed back in the purse, and the purse was returned to Donaldson.[2]

After two days of testimony, the jury found Donaldson guilty. The trial court concluded that because Donaldson did not file her punishment election before the

---

[1]     McMurry did not testify at trial. Before voir dire commenced, however, the State filed a *Brady* disclosure document explaining that, on the day before trial, McMurry had informed the prosecutor that no one was smoking marijuana before the police stopped his vehicle, that he did not commit a traffic offense, and that he never possessed narcotics despite his guilty plea to the possession charge against him.

[2]     Donaldson filed a pretrial motion to dismiss the charges against her on the ground that the State lost or destroyed the eyeglass case, which she contended was exculpatory evidence. The trial court denied the motion.

3

pretrial conference, the jury could not assess punishment. Accordingly, on April 20, the trial court sentenced Donaldson to two years' confinement in a state jail facility; however, pursuant to article 42.12, section 15 of the Code of Criminal Procedure, the trial court suspended the sentence and placed Donaldson on community supervision for four years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1) (mandatory community supervision for first time minor drug offenders without prior felony convictions).

Donaldson filed a timely motion for new trial raising only two complaints: (1) the trial court erred by denying her sentencing election and (2) the State lost or destroyed exculpatory evidence, namely, the eyeglass case in which the methamphetamine was found. The motion for new trial was overruled by operation of law on July 5. On August 3, Donaldson belatedly filed an amended motion for new trial raising two new complaints: (1) the State failed to disclose *Brady* material—namely, McMurry's statement to the prosecutor that the methamphetamine for which Donaldson was charged with possession belonged to James, not Donaldson; and (2) the State had suborned perjured testimony from the arresting officers regarding whether James was in possession of drug paraphernalia at the time of the traffic stop resulting in Donaldson's arrest. The trial court did not rule on the amended motion for new trial, and this appeal ensued.

4

**Punishment Election**

In her first issue, Donaldson contends that the trial court erred by refusing her election to have punishment assessed by the jury. We construe Donaldson's first issue to complain that (1) the trial court had an affirmative duty to notify Donaldson that she may waive her right to have the jury assess punishment by failing to make a punishment election at the pretrial conference; (2) she was not required to make her punishment election at the pretrial conference because the trial court did not provide the notice required by article 28.01 of the Code of Criminal Procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2 (West Supp. 2012) (mandating that "defendant shall have sufficient notice of [the pretrial] hearing to allow him not less than 10 days in which to raise or file such preliminary matters."); (3) the trial court impliedly gave Donaldson permission to file her punishment election at a later time by titling its election form "Defense Motion at Time of Entering Not Guilty Plea"; and therefore (4) her punishment election before the commencement of voir dire was timely. Assuming error for the purposes of this appeal, we conclude the error was harmless.

"It is well established that the constitutional right to a jury trial does not encompass the right to have the jury assess punishment." *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006); *see also Tinney v. State,* 578 S.W.2d 137, 138 (Tex. Crim. App. [Panel Op.] 1979); *Martin v. State,* 452 S.W.2d 481,

5

482 (Tex. Crim. App. 1970); *Johnson v. State,* 436 S.W.2d 906, 909 (Tex. Crim. App. 1968), *overruled in part on other grounds by Bradley v. State*, 456 S.W.2d 923 (Tex. Crim. App. 1970); *Jones v. State,* 416 S.W.2d 412, 414 (Tex. Crim. App. 1967). This Court must disregard non-constitutional error that "does not affect substantial rights." TEX. R. APP. P. 44.2(b).

Donaldson was convicted of a state jail felony possession offense under section 481.115(b) of the Health & Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). Section 15 of article 42.12 of the Code of Criminal Procedure states that, upon conviction of a state jail felony under section 481.115(b) of the Health & Safety Code that is punished under section 12.35(a) of the Penal Code, i.e., subject to the 180–day to two year punishment range, the trial judge "*shall* suspend the imposition of the sentence and place the defendant on community supervision . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1) (emphasis added). Thus, regardless of whether the jury or judge assessed the sentence, the judge was required to suspend the sentence and place Donaldson on community supervision because her conviction for possession of less than one gram of methamphetamine was subject to the state jail felony punishment range of 180 days to two years. *Id.*; *see also Rosas v. State*, 373 S.W.3d 738, 745 (Tex. App.—San Antonio 2012, no pet.). And the judge had "discretion to determine the appropriate period of supervision, as long as it [was] within the minimum and

6

maximum statutory periods." *Mayes v. State*, 353 S.W.3d 790, 793−94 (Tex. Crim. App. 2011). The four years of supervision ordered by the judge was within the statutory range of two to five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(b). Accordingly, because the trial court placed Donaldson on community supervision as mandated by article 42.12, section 15, Donaldson has not established that her substantial rights were affected by the trial court's refusal of her election to have punishment assessed by the jury.

We overrule Donaldson's first issue.[3]

## Destruction of Evidence

Donaldson complains in her second issue about the trial court's denial of her "motion to dismiss for destruction of exculpatory evidence," arguing that due process required dismissal of the charges against her as a result of the State's failure to preserve as evidence the eyeglass case in which the methamphetamine was found. Without deciding whether Donaldson's contention that a criminal prosecution is subject to dismissal for the State's failure to preserve evidence is sound, we conclude that Donaldson has not established her entitlement to relief on her second issue.

---

[3] Within Donaldson's first issue is a complaint that the trial court's denial of her punishment election "barred her right to adequately voir dire prospective jurors on the issues that would arise at trial." Donaldson does not point to, nor can we find in the record, any particular question on punishment that the trial court prohibited her from asking during voir dire. Accordingly, we do not address this contention. *See* TEX. R. APP. P. 33.1(a).

In cases involving the State's failure to preserve evidence in a criminal trial, there is a distinction between "material, exculpatory evidence" and "potentially useful evidence." *See Arizona v. Youngblood*, 488 U.S. 51, 57−58, 109 S. Ct. 333, 337 (1988); *see also State v. Vasquez*, 230 S.W.3d 744, 748 (Tex. App.—Houston [14th Dist.] 2007, no pet.). A due process violation occurs whenever the State suppresses or fails to disclose material, exculpatory evidence, regardless of whether the State acted in bad faith. *Illinois v. Fisher*, 540 U.S. 544, 547, 124 S. Ct. 1200, 1202 (2004); *Mahaffey v. State*, 937 S.W.2d 51, 53 (Tex. App.—Houston [1st Dist.] 1996, no pet.). However, if a defendant seeks to prove either a state or federal due process violation based on the State's destruction of potentially useful evidence, the defendant must show the State acted in bad faith in destroying the evidence. *See Fisher*, 540 U.S. at 547−58, 124 S. Ct. at 1202 (citing *Youngblood*, 488 U.S. at 57−58, 109 S. Ct. 333); *see also Mahaffey*, 937 S.W.2d at 53 (holding that State's erasing of videotape of sobriety tests did not violate due process guarantees under either federal or state constitution because there was no evidence of bad faith by State). "Potentially useful evidence" is "evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Youngblood*, 488 U.S. at 57, 109 S. Ct. at 337.

Here, based on the testimony of the arresting officers, the trial court could reasonably have concluded that the State did not have possession of the eyeglass case. The arresting officers testified that the baggie containing the methamphetamine was removed from the eyeglass case and taken into custody, but the eyeglass case itself was not taken into custody. Donaldson has not made any assertion in this Court that the eyeglass case might have had exculpatory value.[4] Neither has she demonstrated that the arresting officers acted in bad faith by refusing to take the eyeglass case into evidence or that, if the State was in possession of the eyeglass case, the State destroyed the eyeglass case in bad faith. Because Donaldson has not demonstrated that the State had possession of the eyeglass case, that testing of the eyeglass case might have exonerated her, or that the State acted in bad faith, we overrule Donaldson's second issue.

## Preservation of Error

Both Donaldson's third and fourth issues address alleged misconduct on the part of the State: in her third issue, Donaldson contends that the State violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), by failing to disclose a

---

[4] In the trial court, defense counsel complained that the eyeglass case could have been subjected to fingerprint testing, the results of which would have revealed the owner of the case and the drugs it contained. However, in this Court, the following sentence constitutes the entirety of Donaldson's argument on this issue: "[T]he cylinder [the eyeglass case] containing the Methamphetamine in the present case, which was destroyed was material to the defense." (Ant. Br. at 20-21) Donaldson's counsel has not included any factual or legal discussion specifically addressing the eyeglass case or Donaldson's defense in the appellant's brief.

witness's statement indicating that the methamphetamine for which Donaldson was charged with possession belonged to another person, and in her fourth issue, Donaldson contends that the State suborned perjured testimony from the arresting officers. Neither of these issues is preserved for our review.

To preserve error, a complaint must be "made to the trial court by a timely request, objection, or motion that . . . state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). The record must also show that the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2)(A), (B). Stated simply, "all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (en banc).

A motion for new trial is one mechanism for the preservation of error in criminal cases. A defendant may file a motion for new trial "before, but no later than 30 days after, the date when the trial court imposes or suspends the sentence

10

in open court." TEX. R. APP. P. 21.4(a). "Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial." TEX. R. APP. P. 21.4(b). A trial court must rule on a motion for new trial within seventy-five days of "imposing or suspending sentence in open court," or the motion is overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c). The seventy-five-day period has been held to be jurisdictional with regard to action on the motion for new trial. *See, e.g.*, *State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996) (en banc); *Laidley v. State*, 966 S.W.2d 105, 107 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see also State v. Moore*, 225 S.W.3d 556, 569 (Tex. Crim. App. 2007) ("Of course, . . . the authority (if not the jurisdiction) of the trial court to act on a motion for new trial cannot extend beyond seventy-five days after the imposition or suspension of sentence in open court.").

Here, Donaldson did not assert either her *Brady* or suborned perjury claim before trial or during trial. Although she filed a timely motion for new trial, that motion raised only two issues: (1) the trial court's refusal of her punishment election and (2) the State's failure to preserve the eyeglass case as evidence. The motion for new trial did not state a claim under *Brady* or allege that the State had suborned perjury at trial. Because the trial court did not expressly rule on the

11

motion for new trial, the motion was overruled by operation of law seventy-five days after the imposition of Donaldson's sentence. *See* TEX. R. APP. P. 21.8(a), (c). It was not until 115 days after the imposition of her sentence that Donaldson first stated her *Brady* and suborned perjury claims in an amended motion for new trial. The amended motion for new trial does not establish that Donaldson did not, or could not, learn of the alleged *Brady* material or perjured testimony within the time for filing a motion for new trial—indeed, an affidavit attached to the amended motion indicates that defense counsel learned at least of the alleged *Brady* material immediately after sentencing.

Because the amended motion for new trial was not filed within thirty days of the imposition of sentence or before the motion for new trial was overruled by operation of law, the claims stated therein were not raised at a time when the trial court had jurisdiction to act on them. *See Garza*, 931 S.W.2d at 562; *Laidley*, 966 S.W.2d at 107−08; *see also Moore*, 225 S.W.3d at 569. Because Donaldson's *Brady* and suborned perjury claims were not timely made in the trial court, error, if any, is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *see also Keeter v. State*, 175 S.W.3d 756, 759−61 (Tex. Crim. App. 2005) (holding that defendant did not preserve *Brady* claim for appellate review when it was not raised in his motion for new trial or during motion for new trial proceedings). Accordingly, we do not consider Donaldson's third or fourth issue.

## Conclusion

Having found no reversible error in the issues presented by Donaldson, we affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).