Horace HILL, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–361–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 21, 1982.

Rehearing Denied Nov. 10, 1982.

Discretionary Review Denied Feb. 16, 1983.

Arthur Lapham, Hartman, Lapham, Seerden & Walker, Victoria, for appellant.

Knute Dietze, Criminal Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of murder in which the decedent was stabbed to death. Punishment was assessed at life. Appellant brings six grounds of error on appeal.

■ Appellant contends in his first ground of error that the trial court erred in allowing the prosecutor to inject into the trial and to argue in final arguments unsworn personal opinion, unsupported by the evidence admitted during the trial, concerning an alleged conversation between appellant and a detective. Appellant argues that there was no question in this case that appellant stabbed the deceased or that these stab wounds caused her death. Rather, the disputed issue was whether appellant stabbed the deceased in self-defense as appellant contends, or in an attempted murder-suicide as the prosecutor contends. Appellant argues that the prosecutor's theory of murder-suicide arises from a conversation between appellant and a police officer which took place when the appellant was released from intensive care. While there is reference to this conversation in the record, appellant asserts that there is no evidence in the record on the oral statements between the detective and appellant that would indicate that the appellant stabbed himself in a murder-suicide attempt. Although appellant's contention may be correct, we are of the opinion, after carefully reviewing the record, that the references to a possible murder-suicide could be based on other evidence introduced during the trial, including a letter purportedly from appellant explaining why he killed the decedent. This letter was admitted into evidence, and its admissibility is not challenged on appeal. We hold that there was competent evidence in the record which would support the prosecutor's murder-suicide argument.

■ In conjunction with this ground of error, appellant contends in ground of error four that the trial court erred in allowing the prosecutor to read during the trial and during final argument the letter written by the appellant prior to decedent's death. Since this letter was admitted into evidence, it was proper for the prosecutor to read it at the time it was introduced and during final argument. It is well established that counsel may, during final argument, draw from the facts in evidence any inferences that are reasonable, fair and legitimate. Furthermore, counsel has wide latitude in this respect so long as the argument is supported by the evidence and was offered in good faith. *Vaughn v. State,* 607 S.W.2d 914 (Tex.Cr.App.1980). The prosecutor's argument on murder-suicide was not merely unsworn personal opinion, but was instead a legitimate inference that could be drawn from the facts. Appellant's first and fourth grounds of error are overruled.

In ground of error two, appellant contends that the trial court erred in denying his motion for mistrial based on the discovery that the prosecutor's expert witness gave opinion testimony concerning the negative results of a blood-alcohol test without proper predicate and based on the prosecutor's failure to provide appellant with copies of the results of the blood-alcohol test in compliance with the court's pretrial order.

■ During the trial of the case, the prosecutor called an expert witness to testify as to the blood-alcohol content of the deceased. The expert had not made nor supervised the actual test. However, after the admission of this testimony, the court instructed the jury to disregard its results. The general rule is that an instruction to disregard will generally cure error except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Williams v. State,* 604 S.W.2d 146 (Tex.Cr. App.1980).

■ In the instant case, the blood-alcohol analysis test was not a crucial issue. Appellant had testified that the deceased had been drinking, and there was no argument that the deceased had not been drinking; nor was there any other attempt to

produce any evidence on the sobriety, vel non, of the deceased. The court's instruction to disregard the testimony cured the error. Appellant also argues that it was error for the prosecutor not to furnish him with a copy of the results of this test. Since the testimony regarding the blood analysis test was withdrawn, we fail to see how appellant could have suffered any harm by not having a copy of the blood test results. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the trial court erred in overruling his objection to inflammatory and prejudicial photographs. The actual photographs are not before us. The record reflects that the pictures which were admitted depicted various scenes of the bedroom in which the stabbing took place and the decedent's body. It is well established that if a photograph is competent material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely for the purpose of inflaming the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is also admissible. *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972); *Dugger v. State,* 543 S.W.2d 374 (Tex.Cr.App.1976). In the present case, a verbal description of the body and the scene were admissible; therefore, it was not error to admit the photographs. Appellant's third ground of error is overruled.

■ Appellant asserts through ground of error five that the trial court erred in denying appellant's request for additional funds to obtain a forensic pathologist to testify regarding certain defense matters. Tex.Code Crim.Pro.Ann. art. 26.05 § 1(d) (Supp.1981) is pertinent to this ground; it reads as follows:

"... (d) For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but *in no event to exceed $500;*" (emphasis added)

It is undisputed that appellant received and expended the statutory $500; accordingly, the trial court was without authority to grant the expenditure of any additional funds. See: *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980); *Cherry v. State,* 488 S.W.2d 744 (Tex.Cr.App.1972); *Freeman v. State,* 556 S.W.2d 287 (Tex.Cr.App.1977). Appellant's fifth ground of error is overruled.

■ In his last ground of error, appellant contends that the trial court erred in receiving into evidence prejudicial opinion testimony concerning the body position of the deceased. Appellant argues that the additional testimony of the prosecutor's witness on the deceased's body position and defensive wounds, without properly qualifying the witness as an expert, was harmful and prejudicial. In order to qualify an expert witness so that he may testify, it must be shown that he possesses special knowledge of the specific matter about which expertise is sought. The special knowledge which qualifies such a witness to give an expert opinion may be derived from a study of technical works, specialized education, *practical experience* or various combinations thereof. *Holloway v. State,* 613 S.W.2d 497 (Tex.Cr.App.1981).

■ In the present case, the witness had previously been qualified as a certified police officer. At the time the testimony was elicited, the officer testified that he had attended homicide schools put on by the enforcement agencies and that he had participated in the investigation of approximately ten to eleven homicides and that such homicides involved defensive wounds. We hold that the officer was properly qualified and was entitled to give his opinion on whether or not the wound was a defensive one.

■ Even if there was error in admitting the officer's opinion, we believe it was harmless beyond a reasonable doubt. The State's theory of the case was murder-attempted suicide. The defense was self-defense. The key dispute was whether the deceased stabbed the appellant before the

appellant cut the deceased, or the appellant killed the deceased, then stabbed himself. The appellant admitted there was only one knife and that he stabbed the deceased to death.

The officer's testimony as to the character of the wounds on the deceased's hands and arms is equally consistent with either theory of the event. The fact that the deceased sustained wounds of the type associated with defensive movements of the hands does not prove either that the appellant attacked the deceased or that the deceased attacked first. Appellant has not shown any harm in admission of the testimony. See *Villarreal v. State*, 576 S.W.2d 51, 61 (Tex.Cr.App.1978). Ground of error six is overruled.

The judgment of the trial court is affirmed.