Porter Edwin **COBB**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 13–82–142–CR.

Court of Appeals of Texas, Corpus Christi.

May 19, 1983.

James Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction of aggravated robbery for which punishment, enhanced by two prior felony convictions, was assessed at life imprisonment in the Texas Department of Corrections. The sufficiency of the evidence as to the guilt of appellant is not challenged.

Appellant, in three grounds of error, complains of the admission and sufficiency of evidence introduced at the punishment phase of the trial to show that he had twice previously been convicted of felonies. In his first ground of error, appellant contends that the State failed to show that Detective Fred Flores, an investigator with the Nueces County Sheriff's Department, was qualified to testify that the appellant's fingerprints were the same as those contained in a Michigan penitentiary packet. Detective Flores testified that he had been doing fingerprint comparisons for approximately ten years. He stated that he had attended DPS courses, including fingerprint classification and comparison, and had attended an Institute of Applied Sciences course. The special knowledge which qualifies a witness to give an expert opinion may be derived entirely from a study of technical works, or specialized education, or practical experience, or varying combinations thereof. *Holloway v. State,* 613 S.W.2d 497 (Tex.Cr.App.1981). The trial court did not err in overruling the appellant's objection to the witness' expert qualifications. See *Rogers v. State,* 486 S.W.2d 786 (Tex.Cr.App.1972); *Stevenson v. State,* 395 S.W.2d 626 (Tex.Cr.App.1965). Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the State failed to show that the second prior felony offense occurred after the first prior felony conviction was final. The evidence introduced by the State concerning appellant's prior convictions was in the form of a penitentiary packet from the State of Michigan which included sentence reports, photographs, sets of fingerprints, and charging informations. These show that the appellant was convicted on March 1, 1968, in Circuit Court of Macomb County, Michigan, for the offense of armed robbery in Cause No. C–68–26, and sentenced to imprisonment for ten to twenty years; and that he was convicted again on March 27, 1973 in Wayne County, Michigan, for the offense of unarmed robbery in Cause No. 73–56660–FR, and sentenced to imprisonment for three and one half years.

Sec. 12.42(d) Tex.Penal Code Ann. (Vernon 1974) provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

■ The burden is upon the State to prove beyond a reasonable doubt that the second felony offense for which the appellant was previously convicted occurred after the first prior conviction became final. *Jefferson v. State,* 611 S.W.2d 102 (Tex.Cr. App.1981); *Porter v. State,* 566 S.W.2d 621 (Tex.Cr.App.1978).

■ A certified copy of the sentence from the 1973 conviction fails to show the date of the offense. A copy of an information bearing the same docket number as the sentence, however, shows that the offense was committed on February 2, 1973. Specifically, the charging portion of the information states that the offense occurred "on or about the date of offense set forth above." Above the charging portion are a variety of facts concerning the offense, including the date of the offense, location, complainant, and complaining witness. The information incorporates by reference the date of offense typed above the information. This is sufficient to show that the offense was committed on February 2, 1973.

■ In his third ground of error, appellant contends that the certification page fails to show that the enclosed copies are true and correct copies of cause numbers C–68–76 and 73–56660–FR, but rather indicates that the copies are of A119856 and B119856, Cobb, Porter Edwin, his assigned numbers while he was confined in the Michigan penitentiary. At trial, appellant objected to the admission of the pen pack. Appellant's objection was "that the pen pack here that is before the Court is not certified to by any type of seal on that particular pen pack, and does not fall in line with the correct procedure following the introduction of pen packs." In response,

the State cited authority in support of its position. The appellant then again objected that "the record is not certified and authenticated as required by law." The court then asked defense counsel to be more specific. Appellant responded, "Well, that is my objection, Your Honor." The objection was then overruled. The appellant's later objection was insufficient to put the trial court on notice as to the ground of objection. See *Urtado v. State,* 167 Tex.Cr.R. 318, 319 S.W.2d 711 (1958); *Denison v. State,* 651 S.W.2d 754 (Tex.Cr.App.1983). A general objection is insufficient to preserve error and presents nothing for review. *Aliff v. State,* 627 S.W.2d 166 (Tex.Cr.App.1982).

At trial, the appellant's initial objection was that there was no seal on the pen pack. The objection has not been carried forward on appeal. Furthermore, the Michigan certification in this case appears to be identical to the Michigan certification approved by the Court of Criminal Appeals in *Kanaziz v. State,* 382 S.W.2d 485 (Tex.Cr.App.1964). Appellant's third ground of error is overruled.

The judgment of the trial court is AFFIRMED.