

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 22, 1986

Honorable Allen Ross Hightower
Chairman
Committee on Law Enforcement
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-537

Re:  Payment of attorneys' fees,
investigation costs, and expert
witness fees under article 26.055
of the Texas Code of Criminal
Procedure

Dear Representative Hightower:

You ask several questions about article 26.055 of the Texas Code of Criminal Procedure. Article 26.055 provides for attorneys' fees and for reimbursement of particular expenses of attorneys appointed to defend certain prisoners who commit crimes while in the custody of the Texas Department of Corrections. You indicate that a difference of opinion exists among the judges in Anderson County over the proper payment of attorneys' fees, investigation costs, and expert witness fees under article 26.055. Apparently, judges differ as to what constitutes reasonable attorneys' fees. Some judges also refuse to approve total investigation costs and expert witness fees which exceed $500. This amount is the maximum fixed by statute for investigation costs and expert witness fees in cases <u>not</u> involving the Texas Department of Corrections prisoners covered by article 26.055. <u>See</u> Code Crim. Proc. art. 26.05, §1(d). Accordingly, your questions require analysis of how articles 26.055 and 26.05 apply.

Article 26.055 provides, in full:

Sec. 1. A county in which a facility of the Texas Department of Corrections is located shall pay from its general fund only the first $250 of the aggregate sum allowed and awarded by the court for attorneys' fees under Article 26.05 toward defending a prisoner committed to that facility who is being prosecuted for an offense committed in that county while in the custody of the department if the prisoner was originally committed for an offense committed in another county.

Sec. 2. If the fees awarded for court-appointed counsel in a case covered by Section 1 of

this article exceed $250, the court shall certify the amount in excess of $250 to the Comptroller of Public Accounts of the State of Texas. The comptroller shall issue a warrant to the court-appointed counsel in the amount certified to the comptroller by the court.

Sec. 3. (a) In the defense of a prosecution of an offense committed while the actor was a prisoner in the custody of the Texas Department of Corrections, the state shall reimburse a counsel appointed to defend the actor for expenses incurred by the counsel, in an amount that the court determines to be reasonable, for payment of:

(1) salaries and expenses of foreign language interpreters and interpreters for deaf persons whose services are necessary to the defense;

(2) consultation fees of experts whose assistance is directly related to the defense;

(3) travel expenses for witnesses;

(4) compensation of witnesses;

(5) the cost of preparation of a statement of facts and a transcript of the trial for purposes of appeal; and

(6) food, lodging, and travel expenses incurred by the defense counsel and staff during travel essential to the defense, calculated on the same basis as expenses incurred by the prosecutor's staff related to essential travel are calculated.

(b) The trial court shall certify the amount of reimbursement for expenses under this section to the Comptroller of Public Accounts of the State of Texas. The comptroller shall issue a warrant in that amount to the defense counsel or, if the comptroller determines that the amount certified by the trial court is unreasonable, in an amount that the comptroller determines to be reasonable.

(c) Notwithstanding anything to the contrary contained in this Act, the reimbursement for expenses submitted by the defense counsel shall not exceed the amount the county would pay for the same

activity or service, if that activity or service was not reimbursed by the state. The trial judge shall certify compliance with this paragraph upon request by the comptroller of public accounts.

Article 26.055 provides for state contributions for the cost of defending certain prisoners in counties in which the facilities of the Texas Department of Corrections are located. The county ordinarily bears the cost of representing indigent defendants without state contributions. See Code Crim. Proc. art. 26.05. Cf. art. 26.041 (court-appointed counsel in Harris County). You ask about (1) attorneys' fees and (2) investigation costs and expert witness fees in cases involving the prisoners covered by article 26.055. As will be shown in the discussion to follow, articles 26.05 and 26.055 are inter-related.

Section 1 of article 26.055 limits the liability of certain counties to "the first $250 of the aggregate sum allowed and awarded by the court for attorneys' fees under article 26.05." (Emphasis added). Article 26.05 sets forth a somewhat flexible schedule for the compensation of appointed counsel. Section 1 of article 26.05 directs the court to fix "a reasonable fee" but sets a minimum amount for representation in particular proceedings:

(a) For each day or a fractional part thereof in court representing the accused, a reasonable fee to be set by the court but in no event to be less than $50;

(b) For each day in court representing the accused in a capital case, a reasonable fee to be set by the court but in no event to be less than $250;

(c) For each day or a fractional part thereof in court representing the indigent in a habeas corpus hearing, a reasonable fee to be set by the court but in no event to be less than $50;

. . . .

(e) For the prosecution to a final conclusion of a bona fide appeal to a court of appeals or the Court of Criminal Appeals, a reasonable fee to be set by the court but in no event to be less than $350;

(f) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal

> Appeals in a case where the death penalty has been assessed, a reasonable fee to be set by the court but in no event to be less than $500.

Because article 26.055 refers directly to article 26.05, the amount of fees allowed must be determined according to these sections of article 26.05. Accordingly, so long as a court complies with the minimum fee schedule, it has discretion in determining what constitutes "a reasonable fee" for an appointed attorney. See Attorney General Opinion H-909 (1976).

You also ask about reimbursement for investigation costs and expert witness fees under article 26.055. Section 3(a) of article 26.055 provides that the state shall reimburse appointed counsel for certain enumerated defense expenses. Unlike section 1 of article 26.055, section 3(a) of article 26.055 does not refer expressly to article 26.05. Section 3(a) provides simply for reimbursement "in an amount that the court determines to be reasonable. . . ." Section 3(c) of article 26.055, however, states that

> [n]otwithstanding anything to the contrary contained in this Act, the reimbursement for expenses submitted by the defense counsel shall not exceed the amount the county would pay for the same activity or service, if that activity or service was not reimbursed by the state. The trial judge shall certify compliance with this paragraph upon request by the comptroller of public accounts. (Emphasis added).

Article 26.05 governs "the amount the county would pay for the same activity or service" when that activity or service is not reimbursed by the state.

Article 26.05 provides for reimbursement for investigation costs and expert witness fees in section 1(d):

> For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500.

Section 3(c) of article 26.055 makes this limit applicable to article 26.055. Accordingly, within this $500 limit, the court has discretion in determining reasonable reimbursement for investigation costs and expert witness fees. See Quin v. State, 608 S.W.2d 937, 938 (Tex. Crim. App. 1980); Day v. State, 704 S.W.2d 438, 440 (Tex. App. - Amarillo 1986, no pet.); Hill v. State, 647 S.W.2d 306, 309 (Tex. App. - Corpus Christi 1982, pet. for discretionary rev. ref'd); see also

Reed v. State, 644 S.W.2d 479 (Tex. Crim. App. 1983); Volanty v. State, 663 S.W.2d 897 (Tex. App. - Corpus Christi 1983, pet. for discretionary rev. ref'd).

### S U M M A R Y

The amount of attorneys fees, investigation costs, and expert witness fees allowed under article 26.055 of the Texas Code of Criminal Procedure must be determined within the limits specified in article 26.05 of the code. Within the limits set forth in article 26.05, the court has discretion in determining what constitutes reasonable fees and costs. .

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General