**Rafael CORTIJO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–532–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 15, 1987.

Rehearing Denied Nov. 5, 1987.

Discretionary Review Refused
Feb. 10, 1988.

Before NYE, C.J. and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant Rafael Cortijo guilty of capital murder. The trial court sentenced appellant to life imprisonment in the Texas Department of Corrections after the jury failed to answer affirmatively the three special issues necessary for the death penalty under Tex.Code Crim.Proc.Ann. art. 37.071(b) (Vernon 1979). Appellant asserts six points of error on appeal.

Late one morning, Mary Westwick was found dead in her bedroom. She had been beaten about the head and strangled with an electric cord which had been wrapped around her neck. At the time, appellant was an employee of the decedent's neighbors. He had been working at the neighbor's home for several weeks painting the exterior of the house. An investigation uncovered appellant's fingerprints on the headboard of the decedent's bed and on some foreign money located in another bedroom. A subsequent search of appellant's apartment uncovered a metal box full of old coins belonging to the decedent, a numismatist.

Appellant initially alleges the trial court committed error in overruling appellant's motions to suppress a written confession that he gave to the authorities. Appellant filed two pre-trial motions to suppress the confession: the first contended that the confession was not the result of appellant's own violation, but that he was enticed and coerced into giving it; the second motion contended, among other things, that the appellant's statement was given in the absence of an intelligent and understanding waiver of his right to counsel.

The trial court held a pre-trial hearing to determine the admissibility of the confession on these grounds. At the close of the hearing, both of appellant's motions to suppress were overruled. When the State subsequently offered the confession into evidence during trial, appellant renewed his

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

pre-trial objections to the confession. Appellant's objections were again overruled and the confession was admitted into evidence. No objection was made at trial that the confession did not affirmatively state on its face the waiver of rights by the accused.

■ In his brief, appellant argues that the confession fails to comply with Tex. Code Crim.Proc.Ann. art 38.22(2)(b) in that it fails to state that the accused "knowingly, intelligently, and voluntarily waived" his rights.[1] This specific objection to the confession on appeal varies from those objections asserted before the trial court. As such, appellant's objection has been waived. In order for a point of error to be properly presented for review on appeal, the objection at trial must be the same as that asserted on appeal. *Burdine v. State*, 719 S.W.2d 309, 319 (Tex.Crim.App.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim.App.1982). Appellant's first point of error is overruled.

In his second point of error, appellant complains that the trial court should not have admitted prejudicial opinion testimony concerning facts in issue as to how the offense occurred. During the trial, the State called Max Courtney as an expert in the interpretation of bloodstain patterns. Based on the relative nature, shape and location of the bloodstains at the scene of the crime, Mr. Courtney gave his opinion of how the homicide occurred. Appellant argues that Mr. Courtney was not properly qualified as an expert in bloodstain interpretation and that there is no technical or scientific support for his opinion.

In order to qualify an expert witness to testify, it must be shown that the individual possesses special knowledge of the specific matter about which the expertise is sought. The special knowledge which qualifies such a witness to give an expert opinion may be derived from a study of technical works, specialized education, practical experience or various combinations thereof. *Holloway v. State*, 613 S.W. 2d 497, 501 (Tex.Crim.App.1981); *Cobb v. State*, 655 S.W.2d 276, 277 (Tex.App.—Corpus Christi 1983, no pet.); *Hill v. State*, 647 S.W.2d 306, 309 (Tex.App.—Corpus Christi 1982, pet. ref'd). Whether a witness qualifies as an expert is a question which rests largely within the discretion of the trial court. The decision to admit or exclude the proposed opinion testimony will not be disturbed on appeal unless a clear abuse of discretion is shown. *Steve v. State*, 614 S.W.2d 137, 139 (Tex.Crim.App. 1981).

■ In the present case, the witness testified that he was a forensic chemist with a bachelor's and a master's degree in chemistry, and that he had worked at the Fort Worth Crime Lab from 1970 to 1980. The witness also stated that he began working in the field of bloodstain interpretation in 1976. Since then he has conducted independent experiments to determine what types of movements and flight are responsible for making various types of stains and patterns. In 1981, he attended a course on the interpretation of geometric bloodstains. Mr. Courtney has been applying his knowledge and training in this field to cases since 1977 and has taught courses to crime scene investigators on this topic on six to eight different occasions. Accordingly, we hold that the trial court's determination that the witness was qualified as an expert in the interpretation of bloodstains was proper.

■ Appellant further argues that Mr. Courtney's testimony is without technical or scientific support. Before an expert's testimony may be admitted into evidence, the following criteria must be met: (1) the expert must be competent and qualified to testify; (2) the subject must be one upon which the aid of an expert opinion will be of assistance to the jury; and (3) the testimony may not state a legal conclusion.

---

1. Tex.Code Crim.Proc.Ann. art. 38.22(2)(b) provides that a confession is admissible if "the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section." Moreover, the face of the confession must reflect substantial compliance with this article. *Penry v. State*, 691 S.W.2d 636, 643 (Tex.Crim. App.1985).

*Mays v. State*, 563 S.W.2d 260, 264 (Tex. Crim.App.1978), *citing Hopkins v. State*, 480 S.W.2d 212, 218 (Tex.Crim.App.1972).

■ Here, the expert's testimony complies with the above stated criteria. Mr. Courtney, the expert, demonstrated that he was competent and qualified to testify. Additionally, whether the subject in issue was one upon which an expert opinion could assist the jury in its deliberations was a question for the trial court to decide. In his testimony, the witness provided the jury with a description of the manner in which the victim was attacked and where these attacks occurred during the commission of the crime. Such testimony assisted the jury in making inferences regarding fact issues that were in evidence more effectively than the jury could have done unaided.[2] And lastly, the witness did not express an opinion of whether the appellant was or could have been the perpetrator. Appellant's second point of error is overruled.

Appellant asserts in his third point of error that the trial court abused its discretion in allowing a witness to testify who was present in the courtroom after the rule regarding witnesses had been invoked. Before the State began its case-in-chief, the appellant invoked the rule. After the defense had rested, however, the State called Marilyn Elliott as a rebuttal witness. She had been in the courtroom and had observed the proceedings when the rule was in effect. The prosecutor explained that Mrs. Elliott was not intended to be a witness when the rule was invoked and was not connected with the State's case-in-chief at that time. But due to events which occurred later in the course of the trial, she became a necessary witness. The record shows that Mrs. Elliott was not in the courtroom at any time after it became evident that her testimony would be necessary.

■ A similar situation occurred in *Green v. State*, 682 S.W.2d 271 (Tex.Crim. App.1984), *cert. denied*, 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985). In *Green*, the court noted that violations of the rule fall into two main categories: witnesses who have been sworn or listed as witnesses in the case and either hear testimony or discuss another's testimony; and persons like Mrs. Elliott, who were not intended to be witnesses and are not connected with the case-in-chief but who have, due to events during trial, become necessary witnesses. We hold that the trial court did not abuse its discretion in allowing Mrs. Elliott to testify under the facts of the case. Appellant's third point of error is overruled.

Appellant next contends that the trial court erred in denying his motion for mistrial after the prosecutor commented during jury argument that the court interpreter had protected the appellant when she asked the prosecutor to refrain from asking confusing questions during appellant's cross-examination. The trial court sustained appellant's objection, instructed the jury to disregard the statement, and overruled appellant's motion for mistrial.

■ Ordinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment. *McKay v. State*, 707 S.W.2d 23, 37 (Tex.Crim.App. 1985), *cert. denied*, — U.S. —, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Johnson v. State*, 698 S.W.2d 154, 167 (Tex.Crim.App. 1985), *cert. denied*, — U.S. —, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). In the present case, the trial court's prompt instruction sufficiently removed any harm from the prosecutor's statement. Appellant's motion for mistrial was properly denied.

---

**2.** The Court of Criminal Appeals has held that it is not error for a properly qualified expert to testify as to an ultimate issue in the case. Examples include:
  1) expert testimony on the relative position of a body at the time a shot was fired,
  2) medical testimony on the cause of death,

3) expert ballistics testimony identifying bullets as having been fired from a gun; and
4) expert testimony on the identity of fingerprints.
*Mays*, 563 S.W.2d at 263; *Hopkins*, 480 S.W.2d at 219.

At the close of the punishment phase of the trial, the court submitted the special issues required by Tex.Code Crim.Proc. Ann. art. 37.071(b) (Vernon 1979). Special issue number two reads:

Is there a probability that the defendant, Rafael Cortijo, would commit criminal acts of violence that would constitute a continuing threat to society?

The jury answered this special issue, "No." In his final points of error, appellant asserts that the trial court erred in refusing to instruct the jury on the definitions of "a continuing threat to society," and "criminal acts of violence."

 In a capital murder case, the sole purpose of the punishment issue is to aid the jury in determining whether the proper punishment is life imprisonment or death. *Evans v. State*, 601 S.W.2d 943, 946 (Tex. Crim.App.1980). In appellant's case, the jury returned a negative finding on this issue, so any error in the charge was harmless.

All of appellant's points of error have been considered and are overruled. The judgment of the trial court is AFFIRMED.