Antonio SALAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–398–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Deanie King, Dist. Atty's. Office, Corpus Christi, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

After rejecting his self-defense claim, a jury convicted appellant (a juvenile certified as an adult for trial) of murder. He was sentenced to twenty-five years' imprisonment.

In his first of four points of error, appellant assigns error to the trial court's instruction to the jury on parole law.

The trial court instructed the jury in accordance with Tex.Code Crim.Proc.Ann. art. 37.07, § 4(a) (Vernon Supp.1988). That statute provides certain language which trial courts are directed to include in punishment charges which informs the jury of the effect of the parole law on prison sentences but instructs the jury not to consider that law.

■ The Court of Criminal Appeals has recently struck down the statute as unconstitutional in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1987), *on reh'g* (June 15, 1988). The Court held that the statute violates the seperation of powers and the due course of the law provisions of the Texas Constitution. Under *Rose*, the trial court in the case at bar erred by instructing the jury pursuant to article 37.07, section 4(a).

Although appellant did not object to the jury instruction, the *Rose* opinion on rehearing establishes that he was not required to do so. At 553. We must next apply the harm analysis of Tex.R.App.P. 81(b)(2) to the facts of this case, i.e., we must reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the punishment. At 553.

Appellant was the only witness to the homicide. According to his testimony, he was walking along a Corpus Christi street on November 8, 1986. He was sixteen

years old. Genaro De Leon, a stranger, stopped his car near appellant and asked appellant if he knew where he could buy some "weed" (marihuana). Appellant offered to take him to a friend's house for that purpose and accepted a ride with De Leon. Appellant's sources proved unhelpful, however. De Leon then suggested they go meet a couple of women De Leon knew, to which appellant agreed.

De Leon drove to a motel room, where he had been staying for several months, and the two men entered. No one else was present. De Leon told appellant the women would soon return. He pulled out some magazines depicting nude women and began asking appellant about his sex life. De Leon inched his chair closer and closer to appellant's, and eventually tried to unbutton appellant's pants and grabbed his leg. Appellant wanted no part of the older man's sexual advances. He said he had to go to the restroom and retreated there.

Appellant testified he saw a knife in the kitchen when he left the restroom and picked it up. According to him, he was then forced in self-defense to kill De Leon. He admitted repeatedly stabbing De Leon, the last time in the back, during a fierce struggle.

Very upset, appellant then headed home in De Leon's car. He informed his brother and sister-in-law that he thought he had killed a man. Appellant returned to the scene with his brother and discovered De Leon was dead. They attempted to wipe off appellant's finger prints from certain surfaces and left De Leon's car at the motel.

Appellant's brother telephoned the police as an anonymous tipster, and police officers found the body. Detectives were able to trace the phone call to appellant's brother. They recovered the murder weapon and appellant's bloodstained clothing. They took appellant into custody, where he signed a sworn statement of the night's events. The statement contains several inconsistencies with appellant's trial testimony, but largely corresponds with his story at trial.

The state's brief does not contain a recitation of the facts. From our review of the record, the state's theory in the case was that appellant had lured De Leon, a homosexual, and killed him for his money. The assistant district attorney put on evidence that De Leon was a homosexual and that the killing was consistent with a "fag hustler" type of death. According to the State's expert witness, Medical Examiner Joseph Rupp, a "fag hustler" is generally a young man who seeks out homosexuals, then robs them when they are alone together. Rupp believed De Leon had first been stabbed in the back. The prosecutor also introduced other evidence tending to disprove appellant's self-defense claim, including testimony that appellant was short and slim, whereas De Leon was taller, much heavier and muscular. The jury chose to believe the State's case and rejected appellant's theory of self-defense.

■ We cannot conclude that error was harmless beyond a reasonable doubt. Appellant received twenty-five years' imprisonment, whereas the range of punishment for murder, a first degree felony, is five to ninety-nine years or life, and a fine of up to $10,000. He was only sixteen at the time of the offense, was still in school, and had no prior convictions. *Cf. Rose*, reh'g at 554 (error was harmless). We sustain appellant's first point of error.

■ In his second point of error, appellant claims the trial court erred in not granting his motion to suppress his confession, which was obtained in violation of Tex.Fam.Code Ann. art. 52.02 (Vernon 1986). That statute provides that a person who takes a child into custody must immediately either take the child to a designated locale, release the child, or dispose of the case under another article. It is undisputed that the arresting officers did not follow article 52.02. Instead, they first took appellant, a sixteen-year old, to the police station. They obtained a signed, written statement from him before taking him to the appropriate juvenile detention center several miles away.

■ By violating article 52.02, the police officers illegally obtained appellant's writ-

ten confession, and the trial court erred in admitting it into evidence over appellant's pre-trial objection. *Littlefield v. State,* 720 S.W.2d 254, 260 (Tex.App.—Beaumont 1986, pet. ref'd). However, the error is not reversible. Appellant took the stand and testified, with very little variance, to the matters found in his statement. He claimed he acted in self-defense in both his written statement and his trial testimony. We find beyond a reasonable doubt that the error made no contribution to his conviction and punishment. Tex.R.App.P. 81(b)(2). We overrule appellant's second point of error.

 Appellant's third point of error is similar to his second. He complains that his initial detention at the police department was in violation of Tex.Fam.Code Ann. § 51.12 (Vernon 1986), which provides that juveniles are not to be detained in an adult detention center but only in an appropriate juvenile center. He asserts that his statement, taken during this improper detention, was therefore inadmissible.

We agree that the arresting officers did not follow the Family Code's mandatory procedures in their arrest and interrogation of appellant, a juvenile. Their actions, whether they were part of administrative policy or not, cannot be condoned. However, appellant raised this matter for the first time in his motion for new trial, claiming he had "newly discovered evidence" that the police station was not a certified juvenile detention facility.

The court did not abuse its discretion in overruling the motion, as appellant's contention does not meet the test for newly discovered evidence. *See generally Jones v. State,* 711 S.W.2d 35, 36–37 (Tex.Crim. App.1986). Moreover, as noted above, any error was harmless. We overrule this third point.

By his fourth and final point, appellant complains the court erroneously admitted prejudicial testimony by the State's blood-splatter expert witness, Max Courtney. Appellant objected to the witness's qualifications as an expert but was overruled. The expert then testified to how he thought events had transpired during the homicide.

The admissibility of expert witness testimony is thoroughly discussed in *Holloway v. State,* 613 S.W.2d 497, 501 (Tex. Crim.App.1981). We have previously addressed the issues appellant raises, involving the same expert, in *Cortijo v. State,* 739 S.W.2d 486, 488–89 (Tex.App.—Corpus Christi 1987, pet. ref'd). We have reviewed the expert's qualifications and hold that the trial court did not err in qualifying him as an expert in the field of blood splatters. We overrule point of error four.

Because of error in the punishment phase, the judgment of the trial court is set aside, and the cause is remanded to the trial court for further proceedings in accordance with *Ex Parte Klasing,* 738 S.W. 2d 648 (Tex.Crim.App.1987). *See* Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp. 1988).