Waters-BL v. State 






AFFIRMED 20 DECEMBER 1990
NO. 10-90-099-CR
Trial Court
# 19,164-361
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          BOBBY LEE WATERS,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 361st Judicial District Court
Brazos County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          This is an appeal by defendant Waters from his conviction for delivery of a controlled
substance [cocaine], with two prior felony convictions as enhancements, for which he was
sentenced to 75 years in the Texas Department of Corrections.
          Defendant sold crack cocaine on September 6, 1989, to Sergeant Brakefield of the Texas
Department of Public Safety after being introduced by confidential informant Jeff Smith who was
working for the Department of Public Safety. Sergeant Brakefield paid defendant $80 for the
cocaine. Brakefield and Smith identified defendant as the person who sold the cocaine to
Brakefield. Defendant denied that he was the person who did this and contends that it was a case
of mistaken identity. Defendant was convicted and assessed 75 years in TDC as noted.           Defendant appeals on 3 points.
          Point 1 asserts "the trial court committed reversible error in denying [defendant's] motion
to dismiss counsel".
          On March 16, 1990, defendant filed a pro se motion to dismiss counsel because he and his
court-appointed counsel "were unable to get along". The trial court heard evidence on this motion
and overruled same. On March 30, 1990, defendant renewed his objection to his counsel in a
motion for continuance and testified he was not satisfied with his court-appointed attorney and
needed more time to try to employ an attorney. The trial court overruled this motion for
continuance and proceeded to trial the following week.
          The record reflects that defendant had wanted his bond reduced and that his counsel filed
a motion for same. After hearing the trial court reduced defendant's bond from $30,000 to
$25,000, which amount defendant still could not make bond for; and that defendant was
dissatisfied with his appointed attorney.
          At the hearing on the motion for continuance defendant contended that if granted a
continuance he could employ an attorney and that his brother was going to help him secure
retained counsel. The record reflected that defendant filed an affidavit of indigency and that he
had no assets with which to employ an attorney; that defendant wanted appointed counsel
dismissed because "he's not defending me right".
          The trial court overruled the motion for continuance as well as the second motion to
dismiss counsel.
          Defendant did not show that the appointed counsel was not properly representing him and
the court court's denial of defendant's motion was not an abuse of discretion.
          The case thereafter proceeded to trial. We have carefully examined the entire record and
conclude from the totality of appointed counsel's representation of defendant that defendant did
have effective counsel throughout his trial. Ex parte Carillo, Ct.Crim.Appls, 687 S.W.2d 320;
Strickland v. Washington, U.S. S.Ct., 104 S.Ct. 2052.
          Point 1 is overruled.
          Point 2 asserts "the trial court erred in admitting improper testimony by Dr. Peterson at
the sentencing phase before the jury".
          During the punishment phase the State called Dr.Peterson as an expert. Dr. Peterson stated
he was a professor in pharmacology at Texas A&M College of Medicine; and testified as to the
physical effects of crack cocaine on the body over objection by defendant, which objection was
overruled by the trial court. In summary Dr. Peterson testified crack cocaine could be lethal.
          Dr. Peterson's testimony as an expert was offered to help the jury in assessing the proper
punishment.
          An expert's opinion is admissible if it is based on personal knowledge and would help the
fact finder form an opinion on the subject. Holloway v. State, Ct.Crim.Appls, 613 S.W.2d 497;
Cortijo v. State, CA (Corpus Christi), 739 S.W.2d 486.
          Dr. Peterson's testimony was admissible.
          Point 2 is overruled.
          Point 3 asserts "the evidence is insufficient to sustain a conviction".
          The evidence was that defendant delivered cocaine to Sergeant Brakefield of the DPS. 
Brakefield and DPS undercover agent Jeff Smith both positively testified that the person who
delivered and sold the crack cocaine to Sergeant Brakefield was the defendant. Defendant testified
that he was not the person who delivered and sold the crack cocaine to the officers and that it was
a case of mistaken identity. The jury believed the officers and disbelieved the defendant.
          Defendant further asserts that there was no evidence that cocaine was the subject of the
transaction between the parties of September 6, 1989.
          Brakefield testified that he received the cocaine from defendant; placed it in State's Exhibit
2 which was an evidence envelope; sent the material to the DPS Laboratory. Bill Guin, DPS
chemist, testified he received State's Exhibit 2; that it contained a rock like substance which
contained cocaine and that it weighed .11 grams.
          The standard of review in cases involving sufficient of the evidence is "whether any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt"; and that the evidence on appeal is to be considered in the light most favorable to the
prosecution. Carlsen v. State, Ct.Crim.Appls, 654 S.W.2d 444.
          Under the foregoing standard he jury was authorized to believe that defendant was the
person who delivered the substance to Brakefield; and also authorized to believe that the substance
delivered was cocaine.
          Point 3 is overruled.
                                                                                 AFFIRMED
 
                                                                                                                              
                                                                                 FRANK G. McDONALD
DO NOT PUBLISH                                                     Chief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means and Chief Justice (Retired)
McDonald]